DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
STRAUN W. BOSTON, ESQ. (SBN 242380)
**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95814
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MINERVA ABUBAKAR; KEVIN M. ADKINS; DAVID V. AMICCUCI; KELLY ANDERSON; TINA ARCAND; GARY AYLWORTH; DONNA M. BAILEY; FRANKLIN H. BAILEY, JR.; JOEL V. BARRILLEAUX; SONIA BENNETT; CATHLEEN BIDOU; MATTHEW BIDOU; KEITH BLOOMFIELD; STEVE T. BONE; JUSTIN B. BOYKIN; LOUISE BRADLEY; WILLIAM H. BROADNAX; RICHARD L. BROWN; JAMES BROWN, JR.; GEORGE V. CANTON; REYES CARBAJAL; ONITA M. CARRASCO; BRANDON CARRASCO; FRANCISCO C. CARRION; DANIEL T. CASTILLO; RALPH R. CASTILLO; JAMES C. CASTRO, JR.; CYNTHIA CHAIDES; JENNIFER CHASTAIN; STEVEN CLEMENTE; JOSLYN CLEMONS-HATCHER; CHAD CLEVELAND; THOMAS R. COLLINS; DERON CORDERO; ROBIN J. DE VAUL; JOSEPH P. DRISCOLL; RICHARD T. DUNCAN; BRENDA ECHOLS; RONALD FEATHERSON; RAMIRO FERNANDEZ; ANN FINNEGAN; MICHAEL FINNEGAN; ANGELO L. FLEMING; FRANK D. FONG; RUBEN GARCIA; GINGER GIBSON; SHAWN T. GILLIGAN; BRYAN GLENN; RONDA GOMES; MARIA G. GRAPENTINE; JESS L. GRAPENTINE; FELICIA GRAY; WILLIE E. GRAY; ALLISON HAGEN; KATE HARDY; DAVID HARRIS II; CARLOS HERNANDEZ; RODNEY J. HERNDON; JOSEPH E. HILYER, JR.; DAVID | Case No.: <br><br> **COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT** <br><br> [29 USC § 201, et seq.] |

---

Complaint for Violation of the FLSA
[29 USC § 201, et seq.]

Abubakar, et al. v. County of Solano

HOLSTEN; ROBERT HURLEY; ERIC IVERSON; BRIAN JAMES; AARON JANES; RICHARD M. JAROVSKI; GWENDOLYN JONES; MICHAEL R. JOSEPH; DEREK JULIO; BRAD KAMMAN; STACEE KAMMAN; KENNETH W. KERR; KEVIN L. KIRKLAND; RONALD G. LAHMON; DANIEL LEWIS; THOMAS LOMBARDO; MIGUEL MANZO; CAROL McFADDEN; DANETTE I. MERCADO; JEROME J. METZGER, III; BRIAN M. MILLER; SYLVIA A. MITCHELL; REX MOFFETT; JAMES MONTOYA; ROBERT L. OLMSTEAD; CHARLES OLMSTEAD; BARNES ORLANDOS; KEITH PARRISH; CARLOS PEREDA; RONALD L. PLUNKETT; JEFFREY L. POBLETE; THOMAS R. PORTER, SR.; RANDY PRATT; ROBERT B. PUTNAM; ANTHONY RAMIREZ; DEBORAH RANDLE; MYRAJEAN RIOJAS; JUAN A. RIVERA; JESUS RODRIGUEZ; SCOTT ROSENKILD; WINSTON RUSSELL; KELLY SCARBOROUGH; THOMAS G. SCHLEMMER, JR.; JAMES R. SEDER; JEFFREY A. SMITH; JAMES B. SMITH; MARK THOMPSON; GARY T. THORNTON; ELBERT TOWNSELL; PAULA TOYNBEE; JIM TOYNBEE; JASON A. TROJANOWSKI; JUDY TURNER; MARK A. VARGAS; IGNACIO E. VILLASENOR; ANITA WAILES; DAVID A. WALTER; OTIS E. WEARY; LLOYD A. WILLMSCHEN; JAMES WILSON; SCOTT A. WILSON; NATHAN WOLD acting for themselves and others similarly situated,

             Plaintiffs,

v.

COUNTY OF SOLANO,

             Defendant.

## JURISDICTION

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act (hereinafter "FLSA") 29 USC §§ 201, et seq., to recover from Defendant County of Solano

(hereinafter "Defendant" or "County") unpaid overtime compensation, interest thereon, liquidated damages, costs of suit and reasonable attorneys' fees. This action is authorized by Section 16(b) of the Act, 29 U.S.C. 216(b), and subject matter jurisdiction is provided in this court by 28 U.S.C. 1337.

2. Plaintiffs hereinafter-mentioned are or were employed by the DEFENDANT. Plaintiffs each were deprived of their full statutorily required compensation for overtime hours worked as a result of DEFENDANT using illegal computation methods, which undercount Plaintiffs' "regular rate" of pay. Defendant's method of calculating Plaintiffs' "regular rate" of pay resulted in under-payment for overtime hours worked and Compensatory time off ("CTO") compensation cashed-out.

3. DEFENDANT, is a political subdivision of the State of California and at all times herein-mentioned, employed Plaintiffs.

4. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work or have worked for the Defendant and were deprived of their complete statutory overtime compensation and/or cash-out of accrued CTO. Those individuals similarly situated constitute a well-defined community of interest in the questions of law and fact. The claims of the represented parties are typical of the claims of those similarly situated. The represented parties will fairly and adequately reflect and represent the interest of those similarly situated.

## COLLECTIVE ACTION ALLEGATIONS

5. This action is brought by Plaintiffs as a collective action, on their own behalf and on behalf of all others similarly situated, under the provisions of 29 U.S.C. § 216, for damages, liquidated damages, three year statute of limitations and relief incident and subordinate thereto including costs and attorney's fees.

6. Plaintiffs bring this collective action on behalf of themselves and all other persons similarly situated who were employed by the County between September 19, 2003 and September 19, 2006 and were not fully compensated for all hours of overtime worked.

7. The exact number of members similarly situated in the collective group, as herein above identified and described, is estimated to consist of not less than one-hundred twenty (120)

plaintiffs.

8. Those individuals similarly situated constitute a well-defined community of interest in questions of law and fact. The claims of the represented parties are typical of the claims of those similarly situated. The represented parties will fairly and adequately reflect and represent the interest of those similarly situated.

9. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group and the relief sought is common to the entire class, namely, whether Defendant failed to fully compensate in the statutorily required amounts for all hours of overtime worked, as a result of Defendant's unlawful computation methods for work performed in excess of Plaintiffs' forty (40) hour workweek, whether Defendant used the Hourly or Salary method of calculation to determine Plaintiffs overtime rate, and whether Defendant cashed out Plaintiffs accrued CTO at the appropriate rate.

10. The claims of Plaintiffs and those similarly situated, depend on a showing of the acts and omissions of Defendant giving rise to the right of Plaintiffs to the relief sought herein. There is no conflict as to any individually named Plaintiff and other members of the collective group seeking to opt-in, with respect to this action, or with respect to the claims for relief herein set forth.

11 This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

12. The attorneys for Plaintiffs are experienced and capable in litigation in the field of Fair Labor Standards Act and Labor/Employment litigation and have successfully represented claimants in other litigation of this nature. Of the attorneys designated as counsel for Plaintiffs, David P. Mastagni, David E. Mastagni, Will M. Yamada and Straun W. Boston will actively conduct and be responsible for Plaintiffs' case herein.

### FACTUAL ASSERTIONS

13. The Plaintiffs are or were employed by the Defendant within the last three (3) years.

Plaintiffs' and Defendant's employment relationship is governed by the terms of the applicable collective bargaining agreement relating to their respective bargaining units. Said collective bargaining agreements delineate the terms and conditions of employment for the Plaintiffs.

14. The collective bargaining agreements between respective bargaining unit representatives and Defendant includes salary scales paying Plaintiffs a base salary for a fixed number of hours per week. Plaintiffs' weekly salary is intended to compensate them for forty (40) hours of work per week. Plaintiffs are paid overtime for all hours in excess of forty (40) hours worked in a week.

15. Defendant has a policy and practice of paying Plaintiffs' overtime compensation at a rate of one and one-half of Plaintiffs' "base hourly rate" and excluding or under counting remunerations such as nondiscretionary bonuses, incentive pays, pay differentials, extra compensations and/or premium pays.

16. Defendant has a policy of cashing out Plaintiffs's unused Compensatory Time Off (CTO) once a year. The rate at which Defendant cashes Plaintiffs' out accrue CTO is the base rate of pay, excluding other remuneration from which the regular rate of pay is comprised. This has resulted in underpayment of CTO cash-out in violation of 207(o).

17. Accordingly, Defendant is not properly calculating the "regular rate" of pay upon which overtime compensation and CTO compensation is based. 29 U.S.C. § 207(e) requires Defendant include all remuneration for employment, except seven specified types of payments not applicable to this action, in the calculation of Plaintiffs' "regular rate" of pay and overtime compensation.

18. Defendant impermissibly excludes or under calculates nondiscretionary bonuses, incentive pays, pay differentials, extra compensations and/or premium pays from its calculation of the "regular rate" of pay, upon which plaintiffs' overtime compensation and Compensatory Time Off Cashout is based.

19. The County's past and current practice of computing overtime and CTO cash out payments has reduced the amount being paid to the Plaintiffs by failing to compute all statutorily required amounts into Plaintiffs' "regular rate" of pay. The County's improper exclusion of

remunerations in the calculation of Plaintiffs' "regular rate" of pay has had and continues to cause an impermissible reduction of Plaintiffs' overtime rate of pay and CTO cash-out rate.

20. For example, Defendant pays eligible Plaintiffs, who are members of the Solano County Sheriff's Custody Association ("SCSCA"), Shift Differential pay. Shift Differential pay is an additional five and a half percent (5.5%) to six and three quarters (6.75%) percent of Plaintiffs' base rate pay.

21. Defendant's past and current practice has been to completely exclude the Shift Differential pay incentive from the calculation of the "regular rate" of pay for computing overtime payments and CTO cash out payment.

22. Defendant's exclusion of the Shift Differential Pay incentive from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay resulting in under payment of Plaintiffs' overtime compensation and CTO cash out rate.

23. Defendant pays eligible Plaintiffs, who are members of the SCSCA, a Bilingual Pay Differential. Bilingual Pay Differential is an additional fifty-five dollars ($55.00) per pay period.

24. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated Bilingual Pay Differential premiums from the calculation of the "regular rate" of pay for computing overtime payments and CTO cash out rate.

25. Defendant's exclusion of the Bilingual Pay Differential premiums from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay and resulted in under payment of Plaintiffs' overtime compensation and CTO cash out rate.

26. Defendant pays eligible Plaintiffs, who are members of the SCSCA, a Longevity Compensation premium. Longevity Compensation is an additional two and one half percent (2.5%) to five percent (5%) of Plaintiffs' base rate pay per pay period.

27. Plaintiffs are informed and believe and therefore allege the Defendant has excluded or under-calculated "Longevity Pay" from the calculation of the "regular rate" of pay for computing overtime payments and CTO cash out rate.

28. Defendant's exclusion and or under calculation of "Longevity Pay" from the calculation of Plaintiffs' "regular rate" of pay has impermissibly undercounted Plaintiffs' "regular

rate" of pay and resulted in under payment of Plaintiffs' overtime compensation and CTO cash out rate.

29. The collective bargaining agreement between the SCSCA and the Defendant includes a provision requiring the Defendant to pay Plaintiffs Jail Training Officer Pay when they are assigned as Jail Training Officers.

30. Plaintiffs are informed and believe and therefore allege that Defendant has excluded or under-calculated this Jail Training Officer incentive from the calculation of the "regular rate" of pay for computing overtime payments.

31. Defendant's exclusion and/or under calculation of the Jail Training Officer Pay premium from calculating the "regular rate" of pay has reduced the Plaintiffs' "regular rate" of pay and resulted in under payment of Plaintiffs' overtime compensation.

32. Defendant has withheld a substantial amount of overtime and CTO compensation from all Plaintiffs by incorrectly and illegally computing Plaintiffs' "regular rate" of pay, resulting in under payment of overtime and CTO compensation in violation of the 29 U.S.C. § 207.

33. Plaintiffs are informed and believe and therefore allege that Defendant has been made aware of and was notified its practice of excluding some remunerations from Plaintiffs' "regular rate" of pay and overtime compensation violated the Fair Labor Standards Act. Defendant has disregarded the clear and unambiguous notice of its improper and illegal overtime calculation practice and wilfully refused to comply with the FLSA.

34. Defendant knew or should have known its method of calculating the "regular rate" and providing overtime and CTO compensation violated the FLSA.

35. Plaintiffs are informed and believe and therefore allege the Defendant has refused to abide by requests to cease and desist from violating overtime and CTO laws under the FLSA.

36. Plaintiffs are informed and believe, and therefore allege the Defendant knew or should have known the FLSA obligated Defendant to include incentive pays in the "regular rate" of pay. Defendant knew or should have known it was obligated to use said "regular rate" in the computation of overtime and CTO cash out rate.

37. Defendant's conduct was willful and constituted a conscious or reckless disregard for

the law. Defendant knew its method of calculating overtime and CTO cash out rate was and is prohibited by the FLSA.

### FIRST COUNT
### CAUSE OF ACTION FOR THE VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiffs incorporate by reference paragraphs 1 through 37, inclusive, as though set forth fully herein.

39. Pursuant to 29 U.S.C. § 207 (a)(2)(C), an employer cannot employ an employee for more than forty hours in a workweek unless "such employee receives compensation for his employment in excess of the hours specified above at a rate not less than one and one-half times the regular rate at which he is employed."

40. Pursuant to the FLSA, the "regular rate" used to compute an employee's overtime rate is the employee's hourly rate. In the case of salaried employees receiving a fixed salary for a fixed number of hours per week, the "regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate." Title 29 CFR § 778.113(a). Additionally, "[w]here the salary covers a period longer than a workweek, such as a month, it must be reduced to its workweek equivalent." Title 29 CFR § 778.113(b).

41. Pursuant to 29 U.S.C. § 207(o) and 29 C.F.R. § 553.27, the payment of unused Compensatory Time off must be paid at the regular rate earned by ther employee at the time the employee recieves payment. If the employee was terminated, the employee must be paid at the higher of the employee's regular rate of pay at the time of termination or the average regular rate of pay received by the employee during the last three years of employment.

42. Pursuant to 29 U.S.C. § 207(e), "the 'regular rate' at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but" excludes specifically delineated payments detailed under section (e). The exclusions are not applicable to this action.

43. Plaintiffs and Defendant are parties to collective bargaining Agreements

compensating Plaintiffs a fixed base salary for a fixed forty (40) hour workweek.

44. Plaintiffs are informed and believe and therefore allege that Defendant improperly calculates Plaintiffs overtime rate by using an hourly rate methodology. Overtime should be calculated on an salary for a fixed workweek basis. The improper calculation method by Defendant has resulted in an under calculation of the overtime rate paid to Plaintiff.

45. In accordance with the applicable collective bargaining agreements and the Code of Federal Regulations, Defendant's are required to calculate Plaintiffs' "regular rate" of pay based on a forty (40) hour work week by totaling the base weekly salary with additional remunerations and dividing by forty (40) hours. This calculation yields the statutorily defined "regular rate" of pay.

46. Defendant impermissibly undercounts the "regular rate" of pay by totaling all weekly remunerations and dividing this amount by the total number of hours worked for each respective week. This computation has impermissibly resulted in a lower fluctuating "regular rate" of pay that decreases as the number of overtime hours each week increases.

47. The FLSA and the corresponding authorities define the "regular rate" of pay as including, but not limited to, such remuneration as shift differential pay, nondiscretionary bonuses, other incentive pays, pay differentials, extra compensations and premium pays.

48. The collective bargaining agreements or Memoranda of Understandings ("MOU") between the applicable recognized bargaining unit agents, SCSCA, and Defendant provide Plaintiffs a nondiscretionary right to additional compensation and pay if they meet certain qualifications. These additional pays and compensation must be included in the calculation of the Plaintiffs' "regular rate" of pay, for purposes of determining overtime compensation and CTO cash out rate.

49. Defendant's past and current practice has been to exclude and/or under calculate Shift Differential, Bilingual, Longevity and Jail training officer premiums in addition to other incentive pays, nondiscretionary bonuses, pay differentials, extra compensations and premium pays from the calculation of the "regular rate" of pay for purposes of calculating the correct rate of overtime compensation. Defendant's practice is in direct violation of the FLSA.

50. Defendant's past and current practice has been to exclude and/or under calculate Shift

Differential, Bilingual, Longevity and Jail training officer premiums in addition to other incentive pays, nondiscretionary bonuses, pay differentials, extra compensations and premium pays from the calculation of the "regular rate" of pay for purposes of cashing out Plaintiffs unused Compensatory Time Off. Defendant's practice is in direct violation of the FLSA.

51. Defendant was aware of and had been notified it was violating the FLSA.

52. Defendant has withheld significant portions of compensation to which Plaintiffs are entitled and wilfully continues to do so.

53. At all times herein mentioned, Plaintiffs are informed and believe and therefore allege that Defendant and its agents and/or representatives were aware of their obligations to properly compute and utilize the correct "regular rate" of pay in calculating Plaintiffs' overtime compensation and CTO cash out rate.

54. Plaintiffs are informed and believe and therefore allege that Defendant and its agents and/or representatives willfully and knowingly violated the FLSA by continuing to improperly exclude remunerations from the calculation of the "regular rate" of pay.

55. Defendant's continuing failure to so compensate Plaintiffs was not in good faith and is also a willful violation of the FLSA as it applies to employees of local governments.

56. As a result of the foregoing violations of the FLSA as herein enumerated, Plaintiffs seek damages for lost overtime compensation and CTO compensation, as well as liquidated damages. Plaintiffs seek these damages for the entire time period that Defendant has been engaging in said unlawful conduct up to three years as prescribed under the FLSA.

57. Plaintiffs also seek reasonable attorneys' fees pursuant to 29 USC Section 216(b).

WHEREFORE, Plaintiffs pray judgment as follows:

1. For unpaid compensation and interest thereon, plus an equal amount of liquidated damages, for all Plaintiffs who were required to work excess hours without appropriate compensation pursuant to 29 USC § 216(b).

2. For unpaid compensation and interest thereon, plus an equal amount of liquidated damages, for all Plaintiffs whose CTO was not cashed out at the appropriate rate of pay.

3. For a determination that Defendant's conduct was not in good faith and an intentional, knowing and willful violation of the FLSA, thus entitling Plaintiffs to liquidated damages;

4. For reasonable attorneys' fees pursuant to 29 USC § 216(b);

5. For costs incurred as a result of this proceeding;

6. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct;

7. For injunctive relief ordering the Defendant to calculate the "regular rate" of pay computation consistent with the requirements of the FLSA; and

8. For such other and further relief as the court deems just and proper.

Dated: October 12, 2006

**MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER**

By: _____
STRAUN W. BOSTON,
Attorney for Plaintiffs