IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MINERVA ABUBAKAR, et al.,
acting for themselves and others
similarly situated,

      Plaintiffs,                            No. CIV S-06-2268 LKK EFB

    vs.

COUNTY OF SOLANO,

      Defendant.
_____/

       This case was before the undersigned on January 9, 2008, for hearing on plaintiffs' motion to compel immediate production of documents.  James B. Carr and Will Yamada appeared as plaintiffs' counsel and John Whitefleet appeared as defense counsel.  For the reasons stated at the hearing, and as set forth herein, plaintiffs' motion is denied, as is their request for sanctions.

       This action is proceeding on the first amended complaint, filed April 18, 2007, which alleges causes of action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  The claims arise from alleged unlawful overtime calculations for correctional officers of the County of Solano.  Approximately 155 employees have consented to be included in this collective action, and discovery has ensued.

The instant motion seeks to compel the production of documents by defendant despite plaintiffs' demands that defense counsel withdraw from this case. Indeed, the plaintiffs' motion to disqualify defense counsel from further representation of defendant in this action is currently pending before the district judge . That motion is based on defense counsel's brief representation of nine of the plaintiffs in this action as witnesses in another action pending in this district, *Todd v. County of Solano*, 2:07-cv-0726 FCD EFB – a class action concerning strip searches at the Solano County jails. On October 11, 2007, defendant's law firm, Porter Scott, met with nine of the correctional officers who are plaintiffs in this action to interview them in their capacity as witnesses in the *Todd* case regarding the training and practices concerning strip searches in the Solano County Jail. After defense counsel discovered that the nine correctional officers were also plaintiffs in this action, the Porter Scott firm withdrew from any further representation of these officers as witnesses in the *Todd* case. Plaintiffs contend that this did not resolve the conflict and when the defendant's law firm declined to withdraw from this case plaintiffs filed the motion to disqualify. In the meantime, the defendant's law firm is facing demands by plaintiffs that it take no further action to represent defendant, and at the same time, demands that it move forward with the representation for the purposes of producing the discovery. Plaintiffs refused defendant's request that it waive the conflict for that limited purpose.

Obviously, completing the remaining tasks as to the requested production requires defense counsel to do the very thing that the motion to disqualify seeks to enjoin; that counsel communicate with the client about the case and review the responsive documents to determine relevance, any privileges, etc.

Although defendant timely served responses to the requests for production of documents, it represented that it would make the responsive, voluminous documents available for inspection at a mutually agreeable place and time. Fed. R. Civ. P. 34(b)(2)(B). By the time the agreed upon inspection date arrived – December 10, 2007 – plaintiffs had demanded defense counsel's

1 withdrawal from the case. On December 21, 2007, plaintiffs filed their formal motion to recuse
2 and disqualify.

3 Despite their position that defense counsel is disqualified from representing defendant in
4 this case, plaintiffs demand that defendant immediately make the responsive documents
5 available for inspection. The process required to make those documents available – including
6 communicating with defendant regarding arguably privileged documents – requires that defense
7 counsel represent defendant. Accordingly, plaintiff's motion for immediate production is
8 denied. Rather, the court orders defendant to produce the documents following the district
9 judge's ruling on plaintiffs' motion to disqualify. If the district judge denies plaintiffs' motion,
10 defendant shall produce the responsive documents within thirty days after issuance of the district
11 judge's order. In the event the district judge grants plaintiffs' motion, the documents shall be
12 produced within thirty days of defendant's retention of new counsel.

13 Finally, plaintiffs' motion for sanctions to "punish" defendant is denied. *See* Fed. R. Civ.
14 P. 37(a)(5) (where a discovery motion is granted, expenses may be awarded to compensate the
15 prevailing party for expenses incurred in bringing the motion, not to "punish" the losing party).

16 SO ORDERED.

17 DATED: January 31, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE