IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MINERVA ABUBAKAR, et al.,

         Plaintiffs,                    No. CIV S-06-2268 LKK EFB

    vs.

CITY OF SOLANO,

         Defendant.

_____/

    This case was before the undersigned on February 20, 2008, for hearing on plaintiffs' January 22, 2008, motion for a protective order.  James B. Carr and Will Yamada appeared as plaintiffs' counsel and John R. Whitefleet appeared as defense counsel.  For the reasons set forth below and during the hearing, plaintiffs' motion is denied.

**I. BACKGROUND**

    This action involves claims by Solano County correctional officers pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), arising from alleged unlawful overtime calculations and for certain pre-shift and post-shift activities.  Plaintiffs bring this suit as a collective action under section 16(b) of the FLSA, which provides employees with a private right of action to sue an employer for violations of the Act "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  To join a collective

1

1  action pursuant to § 216(b), an employee must affirmatively opt-in by filing a written "consent to

2  join" in the court where the action is pending.  Here, approximately 160 employees have

3  consented to be included in this action and the time to file consent has closed.  Discovery has

4  ensued.

5  **II. DISCUSSION**

6         The present dispute involves requests for production of documents and interrogatories

7  served on plaintiffs on September 28, 2007.  Five months have passed, and plaintiffs are now

8  claiming, among other things, that responding to the discovery is overly burdensome and that the

9  form of discovery is improper.  In particular, plaintiffs take issue with defendant's service of a

10  single document requesting production of documents (and another propounding interrogatories)

11  instructing each individual plaintiff to respond to the requests.  *See* Decl. of John R. Whitefleet

12  ("Whitefleet Decl."), Ex. 1. (letter from plaintiffs' counsel objecting to discovery being served in

13  a "single group set" when it is directed to each of the named plaintiffs).  Plaintiffs argue that in

14  order to respond properly to each set of discovery, the discovery must be separately served on

15  each individual party, not a group of parties.  *Id.*

16         Plaintiffs' objections to form are rather perfunctory insofar as it is clear from the

17  instructions included in the propounded discovery that defendant wishes each individual plaintiff

18  to respond to the same interrogatories and requests.  Indeed, the "form" objections seem

19  tangential to plaintiffs' primary argument that this case should be treated as a quasi-class action,

20  and that defendant should be limited to propounding discovery only on a representative group of

21  plaintiffs.  Finally, plaintiffs make several substantive objections to the discovery and seek a

22  protective order limiting its scope.

23         **A. Form**

24         Although it seems clear from the instructions included with defendant's requests for

25  production of documents and interrogatories that each individual plaintiff is to respond to the

26  discovery, the court will require defendant to serve separate requests and interrogatories on each

2

1  individual plaintiff.

2      **B.  Designation as a "quasi-class action"**

3          Plaintiffs also ask the court to order that this action be treated as a quasi-class action, or

4  alternatively, to order that only a "statistically significant limited representative sampling" of

5  plaintiffs be selected to respond to the discovery, and later, to sit for depositions.

6          There is a two-step certification procedure for collective actions brought under the FLSA.

7  *See, e.g., Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007).  At the first step,

8  the district court considers whether the proposed class should be given notice of the action and

9  will approve conditional certification upon a minimal showing that the members of the proposed

10 class are "similarly situated."  *Id.*  At the second step, "the party opposing the certification may

11 move to decertify the class once discovery is complete and the case is ready to be tried."  *Id.*

12         Here, as discussed at the hearing, the plaintiffs are in the "second phase" of this process,

13 and defendant seeks to challenge plaintiffs' assertion that they are "similarly situated" for

14 purposes of § 216(b).

15         While there are divergent opinions regarding the appropriateness of individualized

16 discovery in an action brought pursuant to § 216(b), the court finds the reasoning in *Coldiron v.*

17 *Pizza Hut, Inc.*, No. CV-03-05865-TJH, 2004 U.S. Dist. LEXIS 23610, at *5-7 (C.D. Cal. Oct.

18 25, 2004), to be persuasive.  In that case, the court allowed discovery to be served on all 306 opt-

19 in plaintiffs.  The court reasoned that because the question of whether the plaintiffs were

20 similarly situated within the meaning of 29 U.S.C. § 216(b) was contested, and because

21 defendant intended to move to decertify the class, individualized discovery was both "necessary

22 and appropriate."  *Id.* at *6; *see also Brown v. Dunbar & Sullivan Dredging Co.*, 8 F.R.D. 107,

23 108-09 (W.D.N.Y. 1948) (requiring each of the 70 FLSA collective action plaintiffs to respond

24 to interrogatories requesting specific information about the work performed by each); *see also*

25 *Watkins v South Bend,* 128 F.R.D. 102 (N.D. Ind. 1989) (dismissal of FLSA action where 160

26 police officer plaintiffs failed to answer city's interrogatories served upon them individually,

3

even though interrogatories amounted to tens of thousands of questions, and single attorney

represented all officers, where officers' first suggestion that interrogatories were burdensome

came 145 days after responses were due).[1]

As was made clear at the hearing, the parties are in the "second phase" of this action and

defendant intends to challenge plaintiffs' assertion that they similarly situated pursuant to

§ 216(b).  Plaintiffs point to the fact that many plaintiffs have different jobs with varying

responsibilities, and argue that their individual pre-shift and post-shift activities may vary

considerably depending on their post.  *See* Whitefleet Decl., 1:27-2:7.

Based on these facts, and defendant's assertion that it intends to challenge whether the

plaintiffs are "similarly situated," the court finds that individualized discovery at this phase is

appropriate.  Accordingly, plaintiffs' motion for protective order limiting the number of

plaintiffs defendant may depose or seek discovery from is denied.

### C.  Substantive Objections to Discovery

Plaintiffs also seek a protective order limiting the scope of the discovery.  For example,

they argue that several of the interrogatories are irrelevant and seek private information.  For

example, defendant seeks each plaintiff's social security number, the names of former and

current spouses, the names of plaintiffs' children, and so on.  *See, e.g.,* Decl. of James B. Carr,

("Carr Decl."), Ex. B, at 12:2-18.

////

---

[1]  The court distinguishes *Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466 (N.D. Ill 1992), from the present case.  That case was actually certified as a class action under Rule 23, which generally prohibits individualized discovery.  The court limited discovery on that basis, and further opined that once the class became more well-defined, individualized discovery might be appropriate in order to consider issues of decertification.  *Id.*, at 468.  Here, the time for "opt-in" consent has closed and the class is defined.  The court likewise distinguishes *McGrath v. City of Philadelphia*, Civ. No. 92-4750, 1994 U.S. Dist. LEXIS 1495 (E.D. Pa. Feb. 14, 1994).  In *McGrath*, although the court held that "individualized discovery is rarely appropriate in FLSA collective actions," it limited discovery only as to unnamed plaintiffs and ordered the named plaintiffs to respond.  Here, all plaintiffs are named, and those are the parties from whom defendant seeks discovery.

1    Although many of plaintiffs' objections appear to be well-taken, they have failed to

2  comply this court's Local Rules, which require parties to meet and confer prior to filing a

3  discovery motion.  *See* L.R. 37-251(b).  Accordingly, pursuant to that rule, plaintiffs are not

4  entitled to be heard on their objections, and that portion of their motion is denied without

5  prejudice.  *Id.*

6    Nonetheless, the court has admonished defendant regarding the proper scope of discovery

7  during this phase of an action brought under FLSA.  At the hearing, defendant agreed to narrow

8  the scope of its discovery and to redraft the interrogatories and requests for production

9  accordingly.  As stipulated at the hearing, defendant shall serve redrafted discovery on the

10  individual plaintiffs within ten days from the date of service of this order.  Thereafter, plaintiffs

11  shall have ninety days to respond to the discovery.

12  **III.  CONCLUSION**

13    In accordance with the foregoing, IT IS ORDERED that:

14    1.  Plaintiffs' January 22, 2008, motion is denied;

15    2.  Defendant is directed to redraft its requests for production and interrogatories so that

16  they are more narrowly tailored to the issue of whether or not plaintiffs are "similarly situated"

17  within the meaning of 29 U.S.C. § 216(b).  The redrafted discovery shall be served on plaintiffs,

18  individually, within ten days from the date of service of this order; and,

19    3.  Plaintiffs shall have ninety days thereafter to respond to the discovery.  This order is

20  without prejudice to plaintiffs moving for additional time to respond, if necessary.

21  DATED:  February 22, 2008.

22

23                    EDMUND F. BRENNAN
                     UNITED STATES MAGISTRATE JUDGE
24

25

26

                                5