UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MINERVA ABUBAKAR, et al

      Plaintiffs,

  v.                                  NO. CIV. S-06-2268 LKK/EFB

COUNTY OF SOLANO,

                                            O R D E R

      Defendant.

_____/

This is a Fair Labor Standards Act (FLSA) action brought by various correctional officers against the County of Solano. Pending before the court is a motion for leave to file additional consent to be included as a plaintiff forms. Plaintiffs seek to add 23 plaintiffs to this action. The court resolves the matter upon the parties papers and after oral argument. For the reasons explained below, the court grants the motion.

**I. Background**

On October 12, 2006, plaintiffs filed a complaint, brought on behalf of the named plaintiffs and others similarly situated,

1

alleging that defendant violated various FLSA provisions.  An amended complaint was filed on April 18, 2007.  On May 16, 2007, the court granted plaintiffs' motion to provide facilitated notice to potential additional plaintiffs in accordance with Hoffman-Laroche, Inc. V. Sperling, 493 U.S. 16 (1989).  The court's order provided that "to be timely filed, Consent to Be Included as a Plaintiff forms must be filed with the court by July 27, 2007 and may only be extended upon a showing of good cause."  Under the FLSA, an employee must file a consent form with the district court; it is not enough to be named as a plaintiff in the complaint.  29 U.S.C. § 256; see Nevada Employees' Ass'n v. Bryan, 916 F.2d 1384, 1391 (9th Cir. 1990).  By July 27, 2007, approximately 160 plaintiffs filed consent forms to be included as plaintiffs in this action.  No depositions have yet been taken by either side, and discovery is set to close on November 8, 2008.

Plaintiffs' motion seeks leave to file 23 additional consent forms.  Five of the named plaintiffs have not filed such consent forms.  In addition, 18 other individuals retained plaintiffs' counsel after July 27, 2007 to either move to have them included in this action or file a separate but identical action on their behalf.  In the alternative, if the court denies the motion, plaintiffs seek to dismiss the five named plaintiffs without prejudice so that they may pursue their claims in a separate action.

## II. Analysis

Plaintiffs argue that permitting the late joinder of the 23

2

1  individuals at issue serves the interests of judicial economy,
2  convenience to the parties, and reducing litigation expenses
3  because, if the court were to deny the present motion, the 23
4  individuals would file a separate action alleging identical
5  claims.  Under Federal Rule of Civil Procedure 42(a), it is
6  likely that the court would then consolidate the actions as they
7  "involve a common question of law or fact."  Contrary to
8  defendant's characterization of this possibility as speculative
9  and premature, it is entirely foreseeable.
10      Several courts, recognizing this risk, have permitted the
11 late filing of consent forms in FLSA actions.  See Raper v.
12 State of Iowa, 65 F.R.D. 89, 91 (S.D. Iowa 1996) ("Were the
13 Court to deny the motion, the additional plaintiffs state they
14 would be compelled to file a separate action which, in all
15 probability, would be consolidated with this one. . . . There is
16 no need to encourage multiple actions on the same subject.");
17 Monroe v. United Air Lines, Inc., 94 F.R.D. 304, 305 (N.D. Ill.
18 1982) ("It should be remembered that in at least some of the
19 cases the alternative may be to force the filing of individual
20 lawsuits --scarcely productive of economy either for the
21 litigants or for the courts.").
22      Defendant correctly notes that other courts have only
23 permitted late filed consent forms where the individuals first
24 demonstrated good cause.  See, e.g., Ayers v. SGS Control
25 Servs., 2007 U.S. Dist. LEXIS 76539, at *14-16 (S.D.N.Y. 2007)
26 (requiring good cause for untimely consent forms); Camp v.

1  <u>Progressive Corp.</u>, 2003 U.S. Dist. LEXIS 14094 (E.D. La. 2003)
2  ("Plaintiffs have not shown good cause for the court to modify
3  its scheduling order to permit consents mailed after that date
4  to be filed."). These courts, however, did not consider the
5  possibility that a separate action might be filed; indeed, this
6  risk may not have been a realistic possibility in those cases.
7  Here, however, the 23 individuals have indicated their
8  willingness to file a separate action, and their numerosity
9  makes it credible that they may be willing to take such a course
10 of action.
11     Defendant argues that it will be prejudiced by the joinder
12 of the additional plaintiffs. It argues that its potential
13 liability would increase by 15% (based on the addition of 23
14 plaintiffs to the 155 current plaintiffs), that the issue of
15 whether plaintiffs are similarly situated will be more
16 complicated, that there would be even more tolling dates for
17 statute of limitations purposes, and that its discovery costs
18 will rise. But all of these consequences will be the same if a
19 separate action is filed. The only difference is that they will
20 occur in the context of a different lawsuit, which, as noted
21 above, will likely be consolidated with this one.
22     Based on the interests of judicial economy and convenience
23 to the parties, the court will permit the 23 individuals at
24 issue (and only these individuals) to file consent forms by
25 March 31, 2008.
26 ////

**III. Conclusion**

Plaintiffs' motion for leave to file additional consent to be included as a plaintiff forms (Dock. No. 85) is GRANTED.

IT IS SO ORDERED.

DATED:  February 26, 2008.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5