DAVID P. MASTAGNI, ESQ. (SBN 57721)
DAVID E. MASTAGNI, ESQ. (SBN 204244)
WILL M. YAMADA, ESQ. (SBN 226669)
DAVID D. KING, ESQ. (SBN 252074)
**MASTAGNI, HOLSTEDT, AMICK,
MILLER, JOHNSEN & UHRHAMMER**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MINERVA ABUBAKAR et al, acting for themselves and other similarly situated,

    Plaintiffs,

  v.

COUNTY OF SOLANO,

    Defendant.

Case No. CIV 06-2268 LKK EFB

**STIPULATION AND ORDER MODIFYING SCHEDULING ORDER**

    Plaintiffs Minerva Abubakar et al. (hereinafter "Plaintiffs") and Defendant County of Solano (hereinafter "Defendant") through their respective counsel, respectfully submit the following stipulation and request to Modify the Status (Pretrial Scheduling) Order dated June 28, 2007:

    1.    The Plaintiffs filed their original complaint in this matter on October 12, 2006. The Plaintiffs filed a First Amended Complaint on April 18, 2007. This is a collective action under 29 U.S.C. sections 216, in which over one hundred sixty plaintiffs initially filed consent forms to be included as plaintiffs.

    2.    On June 28, 2007, the court issued its Status (Pretrial Scheduling) Order setting forth

1  the deadlines and dates in this matter. In or around early November 2007, Plaintiffs requested counsel
2  for Defendant to recuse itself from further representation of Defendant, later filing a motion to
3  disqualify. (Docket Entry No. 64). These proceedings resulted in a temporary suspension in the
4  discovery proceedings. The Motion to Disqualify was resolved in an Order dated February 4, 2008
5  (Docket Entry No. 64).

6      3.    In response to written discovery propounded by Defendants, Plaintiffs sought a
7  protective order (Docket Entry No. 80), which was resolved by the Magistrate Judge in an Order dated
8  February 22, 2008 (Docket Entry No. 91). This allowed Plaintiffs up to approximately early June 2008
9  to respond to the written discovery, for which extensions were recently provided to July 1, 2008.
10 (Docket Entry No. 101).

11     4.    Plaintiffs sought and was granted to add additional plaintiffs on February 27, 2008.
12 (Docket Entry No. 93). Plaintiffs intend to seek leave to add two more additional plaintiffs. There are
13 now approximately one hundred sixty plaintiffs

14     5.    Under the Status (Pretrial Scheduling) Order dated June 28, 2007, expert disclosures are
15 due September 8, 2008. The last day to complete discovery is November 7, 2008.
16 No previous modifications of the deadlines in the pre-trial scheduling order were requested or
17 granted.

18     6.    The parties agree that this dispute involves whether pre-shift and post-shift activities
19 allegedly performed by Plaintiffs are compensable under the Fair Labor Standards Act (hereinafter
20 "FLSA"). The parties additionally agree that this dispute also involves the proper determination of rate
21 of pay used to compute overtime compensation and payments of accrued compensatory time under the
22 FLSA.

23     7.    Defendant has produced over sixty thousand documents in connection with discovery
24 thus far.

25     8.    A hearing regarding Discovery Disagreements with respect to Plaintiffs' Request For
26 Production of Documents relating to a time study conducted by Defendant, and Plaintiffs' Request for
27 Entry for Inspection, is noticed for August 13, 2008. After conducting depositions on July 21, 2008,
28 Defendant has agreed to allow Plaintiffs to conduct a site inspection. Plaintiffs' expert will need to

measure distances at Defendant's correctional facilities and prepare a report. This report will then be utilized by Plaintiffs human factors and time expert to create a time analysis report. Neither report can be completed prior to the site inspection, which the parties anticipate conducting in early August.

9. Extensive examination of the numerous records, including but not limited to, payroll records, employee time sheet records and Inmate Management System record will be required in order to prepare for trial. Plaintiffs have requested reasonable usable electronic copies of these records in order to facilitate damages calculations, including but not limited to a recalculation of the overtime owed under the regular rate of pay calculation sought by Plaintiffs. Electronic records are needed to prepare these calculations and calculations of alleged off the clock damages based on the number of shifts worked. Defendant is in the process of obtaining electronic versions of these documents to produce to Plaintiffs. Absent production of electronic documents, Plaintiffs will be required to hire accountants to manually input thousands of pages of payroll records into a spread sheet at great expense in order to perform these calculations. Unless the scheduling order is modified, Plaintiffs will be required to incur this avoidable expense because to date Defendant has been unable to produce electronic records in a reasonably usable electronic format pursuant to Federal Rule of Civil Procedure, Rule 34(a)(1)(A).

10. Discovery has also required, and will continue to require, extensive depositions of Defendants representatives and individual Plaintiffs.

11. Plaintiffs have proposed, and Defendant has tentatively agreed subject to the approval of the County Board of Supervisors, to submit this dispute to mediation. In order to meaningfully participate in mediation, the parties need to complete discovery as to the alleged damages of Plaintiffs. If mediation is able to be conducted prior to expert disclosures, the parties may be able to avoid unnecessary expenditures on expert witness and reports, thereby increasing any recovery realized by the Plaintiffs.

12. The parties agree that additional time for preparation of this case is appropriate, given the number and complexity of the issues, the number of parties who have an interest in the case, the individualized damages calculations both as to alleged off the clock work and rate of pay corrections, the logistics of converting electronic documents from custom software to reasonable useable formats,

**STIPULATION AND ORDER MODIFYING SCHEDULING ORDER**

00600683.WPD                                     3

the preparation of expert reports, and the anticipated mediation. In light of the forthcoming Hearing regarding Discovery Disagreement, and delay in conducting the entry and inspection of Defendant's jails, the parties expect that expert disclosure cannot be completed by September 8, 2008. The parties further expect that discovery and the anticipated mediation cannot be completed prior to November 7, 2008.

For each of the foregoing reasons, the parties agree and respectfully submit that under the unique circumstances of this collective action case, good cause to modify the Court's Scheduling Order to provide for additional time for the adequate preparation of this case by extending all dates at least 180 days, as follows:

|  | Old Date | New Date |
|---|---|---|
| Plaintiffs' Expert Witness Disclosure: | September 8, 2008 | March 9, 2009 |
| Expert Witness Rebuttals: | September 22, 2008 | March 23, 2009 |
| Discovery Motion Cut-off: | October 8, 2008 | April 8, 2009 |
| Discovery Completion Date: | November 8, 2008 | May 8, 2009 |
| Last Date to Hear Dispositive Motions: | December 8, 2008 | June 8, 2009 |
| Final Pretrial Conference: | March 9, 2009 | **September 8, 2009 at 2:00PM** |
| Trial: | June 9, 2009 | **December 15, 2009** |

Respectfully Submitted,

Dated: July 30, 2008        **MASTAGNI, HOLSTEDT, AMICK
                             MILLER, JOHNSEN & UHRHAMMER**


By:   /s/ David E. Mastagni
       DAVID E. MASTAGNI
       Attorney for Plaintiffs


Dated: July 30, 2008        **PORTER SCOTT**

**STIPULATION AND ORDER MODIFYING SCHEDULING ORDER**

00600683.WPD                          4

1   By:   /s/ John R. Whitefleet
2   John R. Whitefleet
    Attorney for Defendant

## ORDER

Good cause appearing, it is hereby ORDERED that the current dates set forth in the Court's scheduling order issued June 27, 2007 are hereby VACATED.  (See above for new dates).

Dated: August 4, 2008

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

**STIPULATION AND ORDER MODIFYING SCHEDULING ORDER**

00600683.WPD                                  5