1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  JAMES B. CARR, ESQ. (SBN 53274)
   DAVID D. KING, ESQ. (SBN 252074)
3  **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER, JOHNSEN & UHRHAMMER**
4  A Professional Corporation
   1912 "I" Street
5  Sacramento, California 95811
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Plaintiffs

8                   IN THE UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11 MINERVA ABUBAKAR et al, acting for   )   Case No.  CIV 06-2268 LKK EFB
   themselves and other similarly situated, )
12                                          )
                     Plaintiffs,            )   **STIPULATION AND ORDER MODIFYING**
13                                          )   **SCHEDULING ORDER**
            v.                              )
14                                          )
   COUNTY OF SOLANO,                        )
15                                          )
                     Defendant.             )
16 _____)

17

18          Plaintiffs Minerva Abubakar et al. (hereinafter "Plaintiffs") and Defendant County of

19 Solano (hereinafter "Defendant") through their respective counsel, respectfully submit the

20 following stipulation and request:

21          1.      The Plaintiffs filed their original complaint in this matter on October 12, 2006.

22 The Plaintiffs filed a First Amended Complaint on April 18, 2007.

23          2.      Expert disclosures are due March 9, 2009. The last day to complete discovery

24 is May 8, 2009.

25          3.      Parties previously stipulated to modify the scheduling order and extend all

26 deadlines for six (6) months.  This Court approved the Order Modifying Scheduling Order on

27 August 4, 2008.

28 ///

4. The parties agree that this dispute involves whether pre-shift and post-shift activities allegedly performed by Plaintiffs are compensable under the Fair Labor Standards Act (hereinafter "FLSA"). The parties additionally agree that this dispute also involves the proper determination of rate of pay used to compute overtime compensation and payments of accrued compensatory time under the FLSA.

5. Litigation of the claims alleged in this case has required extensive examination of documents, often stored in multiple, non-compatible electronic and/or paper formats, relating, but not limited to, the calculation and record of plaintiffs' overtime compensation, workplace duties, post assignments, policy and procedures and past practices.

6. To date, discovery has required, and continues to require, extensive examination of records, including but not limited to, payroll records, employee time sheet records and Inmate Management System records. Plaintiffs have requested reasonable usable electronic copies of these records in order to facilitate damages calculations, including but not limited to a recalculation of the overtime owed under the regular rate of pay calculation sought by Plaintiffs. Electronic records are needed to prepare these calculations and calculations of alleged off the clock damages based on the number of shifts worked. Defendant is in the process of obtaining electronic versions of these documents to produce to Plaintiffs. Absent production of electronic documents, Plaintiffs will be required to hire accountants to manually input thousands of pages of payroll records into a spread sheet at great expense in order to perform these calculations.

7. To date, discovery has required, and will continue to require, extensive depositions of Defendant's representatives, including the "Person Most Knowledgeable" deposition pursuant to Federal Rule of Civil Procedure, Rule 30(b)(6), and additional Lieutenant Watch Commanders of the Claybank and Main Jail facilities of the Solano County Sheriff's Department.

8. On or about December 19, 2008, Plaintiffs submitted to Defendants a Proposal for Settlement of the above-titled case.

///

///

9. On February 3, 2009, Defendant County of Solano held a Board of Supervisors meeting during which Defendant agreed to proceed to mediation in an attempt to settle the above-titled case.

10. Parties have agreed to Hon. Raul A. Ramirez, Federal District Court Judge (Ret.), as mediator.

11. Subject to the mediator's schedule, Parties anticipate mediation will commence beginning in March, 2009.

12. The parties agree that additional time for preparation of this case is appropriate, given the number and complexity of the issues, the number of parties who have an interest in the case, the individualized damages calculations both as to alleged off the clock work and rate of pay corrections, the logistics of converting electronic documents from custom software to reasonable useable formats, the preparation of expert reports, and the anticipated mediation.

13, The parties further agree that modifying the scheduling order is needed to allow additional time to complete mediation and facilitate possible settlement of this case. The requested modification is necessary to allow the parties to avoid costs without prejudicing either party during the pendency of mediation.

NOW THEREFORE, for each of the foregoing reasons, the parties agree and respectfully submit that under the unique circumstances of this collective action case, good cause to modify the Court's Scheduling Order to provide for additional time for the adequate preparation of this case by extending all dates at least 120 days, as follows:

|  | **Old Date** | **[proposed] New Date** |
|---|---|---|
| Plaintiffs' Expert Witness Disclosure: | March 9, 2009 | July 7, 2009 |
| Expert Witness Rebuttals: | March 23, 2009 | July 21, 2009 |
| Discovery Motion Cut-off: | April 8, 2009 | August 6, 2009 |
| Discovery Completion Date: | May 8, 2009 | September 4, 2009 |

1 | Last Date to Hear Dispositive Motions:

|   |   |
|---|---|
| June 8, 2009 | October 6, 2009 |
| Final Pretrial Conference: September 8, 2009 | January 19, 2010 at 2:00 pm |
| Trial: December 15, 2009 | April 27, 2010 at 10:30 am |

RESPECTFULLY SUBMITTED.

Dated: February 12, 2009    MASTAGNI, HOLSTEDT, AMICK
MILLER, JOHNSEN & UHRHAMMER

By:    /s/ James B. Carr
JAMES B. CARR
Attorney for Plaintiffs

Dated: February 12, 2009    PORTER SCOTT

By:    /s/ John R. Whitefleet
JOHN R. WHITEFLEET
Attorney for Defendant

## [PROPOSED] ORDER

Good cause appearing, it is hereby ORDERED that the current dates set forth in the Court's scheduling order issued August 4, 2008 are hereby VACATED.  The Court will issue a new scheduling order extending all dates at least 120 days.

Dated:   February 17, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

STIPULATION AND [PROPOSED] ORDER MODIFYING SCHEDULING ORDER    4